UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-01235-JLS-ADS   Date: February 24, 2025
Title: Leon Tutunik v. Mercedes-Benz USA, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff filed this lemon-law action in Los Angeles County Superior Court on December 27, 2024, alleging that Defendant violated the Song-Beverly Consumer Warranty Act.  (Compl., Doc. 1-2 ¶¶ 1–19.)  Defendant removed this action on February 12, 2025, invoking this Court's diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a), 1441(a), 1446(b)(1); (NOR, Doc. 1.)

As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction." *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(d).  "A defendant's notice of removal to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-01235-JLS-ADS | Date: February 24, 2025 |
| Title: Leon Tutunik v. Mercedes-Benz USA, LLC et al | |

federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)). Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy." *Id.* § 1446(c)(2). Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal." *Moe*, 73 F.4th at 761. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*" *Id.* (quoting *Dart*, 574 U.S. at 87).

The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees. Cal. Civ. Code § 1794(a)–(d). Actual damages are calculated based on the amount actually paid by the buyer and are discounted to account for the use of the subject vehicle by the buyer. Cal. Civ. Code 1793.2(d)(1).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy. (*See generally* Compl.) Defendant contends in its Notice of Removal that, "even excluding attorneys' fees, the amount in controversy … exceeds $75,000 … based on the value of the subject vehicle and civil penalties." (NOR ¶ 20.) In support of this contention, Defendant notes that the purchase agreement for the subject vehicle reflects a "Total Sale Price" of $88,395.60. (*Id.* ¶ 19; *see also* Retail Installment Sales Contract ("RISC"), Doc. 1-3.) But damages under the Song-Beverly Act are not measured by the value of the subject vehicle at the time of purchase; rather, they are calculated based on the amount actually paid by the buyer and are discounted based on Plaintiff's use of the subject vehicle. Cal. Civ. Code 1793.2(d)(1). The purchase agreement here reflects that Plaintiff agreed to make a down payment in the amount of $16,691.52 and monthly payments in the amount of $995.89,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01235-JLS-ADS                                      Date: February 24, 2025
Title: Leon Tutunik v. Mercedes-Benz USA, LLC et al

beginning in May 2022 and through April 2028.  (*See* RISC.)  Assuming Plaintiff has made all of the monthly payments owed to date, it appears that Plaintiff has paid less than $50,000 toward purchasing the subject vehicle.   Moreover, Defendant has provided no facts or evidence regarding the mileage attributable to Plaintiff from which the Court might estimate the use offset in this case.  Absent such information, Defendant's actual damages calculations are speculative and unsupported.  *See Bae v. Ford Mot. Co.*, 2021 WL 5299242, at *2 (C.D. Cal. Nov. 12, 2021) (Staton, J.) (finding the amount in controversy was not satisfied given defendant's failure to consider the use-offset amount in calculating actual damages); *see also Berger v. Mercedes-Benz USA*, *LLC*, 2021 WL 3013915, at *2 (C.D. Cal. July 15, 2021) (similar).

   Defendant's estimate of the amount-in-controversy also assumes, without providing any support, that the maximum award of civil penalties would be appropriate in this case.  (*See* NOR ¶ 20.)  "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022).  Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty."  *Id*. (internal citation and quotation omitted).  Defendant has made no such effort here.  And, because Defendant's actual damages calculations are uncertain for the reasons discussed above, any attempt to determine civil penalties is equally uncertain.  Cal. Civ. Code § 1794(c); *see also Young v. FCA US LLC*, 2021 WL 5578723, at *2 (C.D. Cal. Nov. 30, 2021) (Staton, J.).

   For these reasons, the Court *sua sponte* questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant is therefore ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01235-JLS-ADS						Date: February 24, 2025
Title:  Leon Tutunik v. Mercedes-Benz USA, LLC et al

Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response.  No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **five (5) pages**, excluding any declaration(s), the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: kd